## Isidor Kohn, Appellee, v. John Nagel and Annie Nagel, on appeal of Annie Nagel, Appellant.

### Gen. No. 23,284.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed December 3, 1917. Rehearing denied December 17, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Isidor Kohn, complainant, against John Nagel and Annie Nagel, his wife, defendants, to set aside conveyances of certain realty to Annie Nagel and to subject the interest of John Nagel therein to the payment of a judgment had by complainant. From a decree for complainant, defendant Annie Nagel appeals.

BRADLEY, HARPER & EHEIM, for appellant; THOMAS E. D. BRADLEY and EDWARD J. FARRELL, of counsel.

FREDERIC A. FISCHEL, for appellee; IGNATZ SPITZ, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. FRAUDULENT CONVEYANCES, § 242*—*when evidence shows that conveyance by debtor to wife is presumptively fraudulent as to creditors.* On a bill by a judgment creditor against the judgment debtor and the latter's wife to set aside a conveyance by the debtor to the wife and subject it to the payment of the judgment, evidence examined and *held* sufficient to support a finding that such conveyance was presumptively fraudulent and void as to creditors whose claims were in existence when the conveyance was made.

2. FRAUDULENT CONVEYANCES, § 45*—*when actual insolvency need

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*not be shown.* To set aside a voluntary conveyance by a judgment debtor as in fraud of the judgment creditor, it is not necessary to show that, at the time of the conveyance, the debtor was actually insolvent.

3. FRAUDULENT CONVEYANCES, § 89*—*what is effect of marital relation in determining whether conveyance is void.* In ascertaining whether a conveyance from husband to wife is in fraud of creditors, while the marital relation is not, of itself, sufficient ground for holding the transaction void, it is ground for closely scrutinizing the transaction.

4. FRAUDULENT CONVEYANCES, § 300*—*when decree conforms to bill.* On a bill to set aside a conveyance as in fraud of creditors, decree rendered *held* to follow sufficiently the theory appearing in the bill.